# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EZIKIEL FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4590 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before this Court is Plaintiff Ezikiel Fisher's ("Fisher") First Amended Motion Opposing the Recommendation of the Magistrate Judge [Doc. # 27]. Fisher challenges the findings and conclusions in the Memorandum and Recommendation [Doc. # 24] entered by Magistrate Judge Calvin Botley on August 18, 2009, suggesting that Fisher's Motion for Summary Judgment [Docs. # 18, # 19, # 20] be denied, and that Defendant Michael J. Astrue's, Commissioner of the Social Security Administration ("Commissioner"), Motion for Summary Judgment [Doc. # 21] be granted.

Fisher's Objections are deemed timely filed. *See* 28 U.S.C. § 636(b)(1). The district court must make a "*de novo* determination of the objections" raised by the parties. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.

1987). "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8; *accord United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The Court has carefully reviewed the Magistrate Judge's Memorandum and Recommendation and Fisher's Objections. The Court also has considered in detail the Administrative Record, the specified proposed findings or recommendations to which Fisher objects, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991). For the following reasons, the Court concludes that the Magistrate Judge's recommendations should be adopted.

For the period of time benefits are being sought, the ALJ's findings are supported by substantial evidence.[1] It is noted that the Court's review of the Social

---

[1] It appears from attachments presented by Fisher's counsel that Fisher's conditions may have worsened and he has been awarded benefits, subsequently (*i.e.*, 2008). However, these developments are not material to the administrative determinations under consideration in this case.

Security Administration Commissioner's administrative determinations is narrowly prescribed. When reviewing the decision of the Commissioner, this Court is limited to determining whether there was substantial evidence in the record as a whole to support the decision that the claimant was not under a disability for the period being considered, and whether the proper legal standards were applied to evaluate the evidence. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). This Court cannot reweigh the evidence or substitute its judgment for the administrative fact finder's judgments. *See Masterson*, 309 F.3d at 272; *Martinez*, 64 F.3d at 174; *Villa*, 895 F.2d at 1022. Significantly, it is hornbook law that the Court cannot ignore the findings of the ALJ regarding Fisher's credibility as it relates to pain, among other testimony.

In sum, substantial evidence supports the Commissioner's decision that, for the time period sought, Fisher was not entitled to disability benefits. It is therefore

**ORDERED** that Fisher's First Amended Motion Opposing the Recommendation of the Magistrate Judge [Doc. # 27] is **DENIED**. It is further

**ORDERED** that the Memorandum and Recommendation [Doc. # 24] is **ADOPTED** as this Court's Memorandum and Order as supplemented by this Memorandum and Order. It is further

**ORDERED** that Fisher's Motion for Summary Judgment (as supplemented) [Docs. # 18, # 19, # 20] are **DENIED**.  It is further

**ORDERED** that the Commissioner's Motion for Summary Judgment [Doc. # 21] is **GRANTED**.  It is finally

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

A final judgment will be entered separately.

**SIGNED** at Houston, Texas, on this the **16th** day of **September, 2009**.

_____
Nancy F. Atlas
United States District Judge