# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EZIKIEL FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4590 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before this Court is Plaintiff Ezikiel Fisher's ("Fisher's") "Original Motion for New Trial and Brief of E. Fisher. Ver.A draft September 25, 2009" [Doc. # 30] ("Motion"),[1] filed with exhibits [Doc. # 31]. Defendant has responded in opposition [Doc. # 32]. Fisher, through counsel, requests a "new trial" under Rule 59(a) of the Federal Rules of Civil Procedure, which is inapplicable.[2] The Court

---

[1]   The Court has made significant efforts to determine what arguments Fisher's counsel seeks to proffer in his Motion. Many paragraphs are incomprehensible. Elsewhere, the Motion is an unedited stream of consciousness that makes little sense. *See, e.g.*, title of the Motion, quoted in the text. Citations are not in proper form and many do not support the propositions asserted. Counsel is admonished that he ***must*** review and edit his documents before filing. He is bound by Federal Rule of Civil Procedure 11 to advance only arguments that "to the best of [counsel's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  FED. R. CIV. P. 11(b)(2).

[2]   By its terms, Rule 59(a) applies after a jury or bench trial. Moreover, the standard for Rule 59(a) motions is not met here.  "A trial court should not grant a new trial on

deems the request to be one to alter or amend this Court's judgment under Federal Rule of Civil Procedure 59(e).  "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  This type of motion "'calls into question the correctness of a judgment.'" *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "'narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Id.* at 478-79 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

By Memorandum and Order [Doc. # 28] filed September 16, 2009, the Court adopted the Memorandum and Recommendation [Doc. # 24] entered by Magistrate

---

evidentiary grounds unless the verdict is against the great weight of the evidence." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026  (5th Cir. 1998) (footnote omitted); *see Pagan v. Shoney's Inc.*, 931 F.2d 334, 337 (5th Cir. 1991) ("in denying motion for new trial, district court 'does not abuse its discretion–and, *a fortiori*, we may not reverse that decision–unless there is an "absolute absence" of evidence to support the jury's verdict'") (quoting *United States v. An Article of Drug Consisting of 4,680 Pails*, 725 F.2d 976, 990 (5th Cir. 1984))); *G.A. Thompson & Co. v. Partridge*, 636 F.2d 945, 957 (5th Cir. 1981) ("The standard at the trial level on a motion for a new trial is whether the verdict is against the clear weight of the evidence or will result in a miscarriage of justice.").  The decision to grant or deny a motion for new trial is within the sound discretion of the trial court.  *Pagan*, 931 F.2d at 337.

Judge Calvin Botley on August 18, 2009, suggesting that Fisher's Motion for Summary Judgment [Docs. # 18, # 19, # 20] be denied, and that the Motion for Summary Judgment filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner") [Doc. # 21], be granted. Final judgment in favor of the Commissioner was entered that day. Fisher's Motion challenges the Commissioner's and the Magistrate Judge's decisions adopting the ruling of the Administrative Law Judge ("ALJ").

The Motion is deemed timely filed. The Court has carefully reviewed the ALJ's decision, the administrative record, the Magistrate Judge's Memorandum and Recommendation, all Fisher's and the Commissioner's submissions. Fisher largely rehashes earlier arguments this Court and the Magistrate Judge rejected. For the reasons set forth below, and for the reasons given by the Magistrate Judge, the ALJ, and earlier by this Court, the Motion is denied.

For the period of time benefits are being sought,[3] the ALJ's findings are supported by substantial evidence.[4] Fisher's Motion primarily presses the point that

---

[3] It appears from exhibits presented by Fisher's counsel (including the video made recently in 2009) that Fisher's conditions may have worsened. It also appears that Fisher may have been awarded benefits in 2008. However, these developments are not material to the administrative determinations under consideration in this case.

[4] It is noted that the Court's review of the Commissioner's administrative determinations is narrowly prescribed. When reviewing the decision of the
(continued...)

the Magistrate Judge and the ALJ erred because neither considered Fisher's combination of impairments. Fisher also cites to Medical Listings ("ML") 1.02, 1.06, and 12.04.B.3. The Court has considered the evidence of record and finds each of the ALJ's determinations was supported by substantial evidence. The Court concludes also that the ALJ considered the combination of impairments, contrary to Fisher's arguments, and there is substantial evidence to support the ALJ's conclusions in this regard.[5] The ALJ rejected many of Fisher's contentions, finding him personally, and certain of his witnesses, lacking in credibility. The Court has no basis to upset these findings and conclusions.

---

[4] (...continued)
Commissioner, this Court is limited to determining whether there was substantial evidence in the record as a whole to support the decision that the claimant was not under a disability for the period being considered, and whether the proper legal standards were applied to evaluate the evidence. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). This Court cannot reweigh the evidence or substitute its judgment for the administrative fact finder's judgments. *See Masterson*, 309 F.3d at 272; *Martinez*, 64 F.3d at 174; *Villa*, 895 F.2d at 1022. Significantly, it is hornbook law that the Court cannot ignore the findings of the ALJ regarding Fisher's credibility as it relates to pain, among other testimony.

[5] Fisher asserts, without any probative legal authority, that the ALJ and the Magistrate Judge's decisions are flawed because each "fail[ed] to combine two moderate impairments to equal the medical listings below at a marked level[.] . . . Do the two conditions add to equal Medical Listing ML 1.02, ML1.06 or ML 12.04.B. Criteria?" Motion, at 5, citing to Fisher's Summary Judgment Motion, at 5. The Court is unaware of any case or other law that supports this proposition. It is rejected.

Fisher also claims in his Motion that he has "mental concentration difficulties." Motion, at 6. The ALJ, based on substantial evidence and making credibility findings that the Court may not second-guess on this record, found the conditions were not sufficiently severe to rise above moderate residual limitations. There is substantial evidence to support this conclusion.

Fisher also urges the Court to consider the "special nature of retrospective mental health records under *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000)." Motion, at 4, 7. Fisher contends that the Magistrate Judge failed to follow the precedents of *Likes v. Callahan*, 112 F.3d 189 (5th Cir. 1997), and *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990). Independent of the fact that counsel makes no meaningful argument in support of his vague, superficial assertion, the Court concludes that the cited cases are not persuasive on the current record. For example, the Fifth Circuit in *Likes* held that "[r]etrospective medical diagnoses constitute relevant evidence of pre-[insured status] expiration disability, and properly corroborated retrospective medical diagnoses can be used to establish disability onset dates." *Likes*, 112 F.3d at 191. The court then reversed the lower court's affirmance of the ALJ's ruling because the ALJ in the case before it had erred in "failing to consider the retrospective medical diagnoses and the corroborating lay evidence." *Id*. The case was remanded for further consideration by the ALJ. *Id.* The Court of

Appeals repeatedly has held in mental illness cases (usually involving Post Traumatic Stress Disorder) that "[s]ubsequent medical evidence is relevant . . . because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status." *Ivy*, 898 F.2d at 1049 (citation omitted). "Retrospective medical diagnoses of PTSD, even if uncorroborated by contemporaneous medical reports but corroborated by lay evidence relating back to the claimed periods of disability, can support a finding of past impairment." *Loza*, 219 F.3d at 396 (citing *Likes*, 112 F.3d at 190). This Court takes no issue with this doctrine. However, the ALJ here satisfied this standard. The ALJ considered all the evidence presented by Fisher, but—to Fisher's disappointment—did not credit that evidence or give it the weight Fisher hoped.

In sum, substantial evidence supports the Commissioner's decision that, for the time period sought, Fisher was not entitled to disability benefits. It is therefore

**ORDERED** that Fisher's Motion for New Trial [Doc. # 30] is **DENIED**.

**SIGNED** at Houston, Texas, on this the **7th** day of **December, 2009**.

_____
Nancy F. Atlas
United States District Judge